Jack G. Fruchter (JF-8435)
Lawrence D. Levit (LL-9507)
**ABRAHAM FRUCHTER & TWERSKY LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655
**Lead Counsel for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ESCALA GROUP, INC. DERIVATIVE LITIGATION | **:** Lead Civil Action No. 1:06-cv-03902-AKH <br> : <br> : ECF CASE <br> : (Derivative Action) <br> : <br> : |
| This Document Relates To: <br><br> ALL ACTIONS | : <br> : <br> : <br> : <br> : <br> : |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement ("Stipulation") is entered into as of ~~September 10~~, 2008, subject

to the approval of the Court, by and between the following, by their undersigned counsel: (i) Jane

Bain and Spring Partners (collectively, "Plaintiffs"); (ii) nominal Defendant Escala Group, Inc.

("Escala" or the "Company"); (iii) defendants Greg Manning, Gregory N. Roberts, Mark B.

Segall, José Miguel Herrero, Esteban Pérez, Scott S. Rosenblum, James M. Davin, Antonio

Martins da Cruz ("da Cruz") and Larry Crawford (together, the "Individual Defendants"); and (iv)

Amper, Politziner & Mattia P.C. ("Amper"), for the purpose of fully, finally and forever

resolving, discharging and settling the Released Claims, upon and subject to the following terms

and conditions.

**WHEREAS:**

A.    On May 22, 2006 and May 24, 2006, Plaintiffs commenced two separate actions, styled *Bain v. Herrero, et al.*, No. 06-cv-3902 (DC), and *Spring Partners v. Manning, et al.*, No. 06-cv-3980, respectively, in the United States District Court for the Southern District of New York (the "Court"), purporting to assert claims derivatively on behalf of Escala, a Delaware corporation.

B.    The actions were consolidated before the Honorable Alvin K. Hellerstein, by Order dated September 5, 2006, under the caption *In re Escala Group, Inc. Derivative Litigation*, Master File No. 06-cv-3902 (AKH).   The Court appointed the firm of Abraham Fruchter & Twersky LLP as Lead Counsel and ordered Plaintiffs to file a Consolidated Amended Complaint by September 29, 2006.

C.    Plaintiffs filed their Consolidated Amended Complaint (the "CAC") on September 29, 2006, and later filed a substituted corrected version of that pleading.   The Individual Defendants (except for da Cruz) jointly filed a motion to dismiss the CAC on December 18, 2006.  The CAC named Escala as a "nominal defendant."

D.    After Plaintiffs filed the CAC, and before their response to the motion to dismiss the CAC was due, the Company announced that it anticipated restating its financial statements for fiscal years 2003, 2004 and 2005, as well as for the first three quarters of fiscal year 2006. According to the Company, the anticipated restatements related primarily to transactions involving the Company and its indirect majority shareholder Afinsa Bienes Tangibles, S.A. ("Afinsa"), a Spanish company that, according to authorities in Spain, allegedly operated as a pyramid-type scheme.

E.    On January 18, 2007, the Court entered an Order, upon stipulation, providing that the motion to dismiss the CAC was withdrawn without prejudice, and directing Plaintiffs to file another amended complaint.

F.    On or about February 8, 2007, Plaintiffs filed their Second Amended Complaint (the "SAC"), purporting to assert claims derivatively on Escala's behalf against certain past and present members of Escala's board of directors and/or senior executive officers, including the Individual Defendants, as well as Carlos de Figueiredo ("de Figueiredo") and Rafael del Valle-Iturriaga Miranda ("Miranda").

G.    In the SAC, Plaintiffs generally alleged that the Individual Defendants and Messrs. de Figueiredo and Miranda had breached their fiduciary duties by allowing Escala to become intertwined with and dependent on Afinsa, which, Plaintiffs alleged, significantly artificially inflated Escala's revenues and exposed Escala to substantial liability and damages.  The SAC also alleged causes of action against all of the Individual Defendants and Messrs. de Figueiredo and Miranda for allegedly failing to manage the affairs of Escala in a lawful manner and for the best interests of its stockholders, for contribution and indemnification, for waste of corporate assets, and a cause of action for unjust enrichment against defendants Manning, Herrero, Crawford and Pérez arising out of Afinsa's alleged violations of law.  The SAC further alleged that certain of the defendants caused Escala to make materially false and misleading statements and omissions in various filings Escala made with the Securities and Exchange Commission (the "SEC"), including an August 13, 2003 Form 14A distributed to its shareholders (the "2003 Proxy Statement"), and sought disgorgement of compensation and trading profits from Messrs. Manning, Herrero and Crawford pursuant to Section 304 of the Sarbanes-Oxley Act of 2002 ("SOX 304").

H.    On or about March 12, 2007, the Individual Defendants (except for da Cruz) filed their motion to dismiss the SAC based upon, among other things, Plaintiffs' purported lack of standing, lack of subject matter jurisdiction, failure to state a claim and failure to plead causation under applicable law.  Plaintiffs filed their opposition on April 12, 2007, and the Individual Defendants (except for da Cruz) submitted a Reply on May 14, 2007.    Oral argument on the motion to dismiss the SAC was held on May 17, 2007.

I.    On May 17, 2007, the Court ruled from the bench on the motion to dismiss, denying that part of the motion that sought dismissal of Plaintiffs' SOX 304 claim but stating the Court's intention to certify that portion of its ruling for interlocutory appeal, finding Plaintiffs' remaining claims insufficient, and granting Plaintiffs leave to replead.  By Order filed the next day, the Court memorialized its May 17, 2007 ruling from the bench.  By subsequent Order (the "Summary Order") signed on May 18, 2007, the Court established a schedule for the filing of Plaintiffs' third amended complaint.

J.    On June 29, 2007, Plaintiffs filed a third amended complaint (the "TAC"), which, among other things, for the first time named Amper as a defendant.  Plaintiffs concurrently filed a Motion to Add a Party, seeking to add Amper as a party to the TAC.  The motion was granted by Order dated July 2, 2007.  Also on June 29, 2007, each of the Plaintiffs filed an Affidavit with the Court asserting that, if the Court dismissed their federal claims, they would proceed on substantively similar state law claims in the appropriate state court.

K.    By Order dated August 16, 2007, the Court extended the Individual Defendants' (except for da Cruz's) time within which to answer the TAC until 20 days after either the Individual Defendants' petition for permission to appeal was denied or the appeal was decided. The Court ordered an identical extension for Mr. da Cruz by Order dated October 23, 2007.

L.    Messrs. de Figueiredo and Miranda have never appeared in this litigation.

4

M.      By Order dated September 4, 2007, the Court certified an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of its prior order denying the Individual Defendants' motion to dismiss Plaintiffs' SOX 304 claim.  On December 20, 2007, the United States Court of Appeals for the Second Circuit granted Messrs. Herrero and Crawford's petition for leave to appeal the Court's denial of their motion to dismiss Plaintiffs' SOX 304 claim.

N.      On September 13, 2007, Amper moved to dismiss the TAC on the grounds that Plaintiffs failed to state a claim against it.  Plaintiffs opposed Amper's motion in a filing dated October 15, 2007, to which Amper submitted a Reply dated October 31, 2007.  The Court heard oral argument on Amper's motion to dismiss on December 12, 2007, and entered an Order that day granting Amper's motion to dismiss for lack of subject matter jurisdiction.

O.      On or about December 21, 2007, the Court entered a Stipulated Protective Order and a Scheduling Order setting a fact discovery cut-off of December 1, 2008.

P.      Thereafter, Escala began producing documents to Plaintiffs.  More than 77,000 pages of documents were produced, and then reviewed and analyzed by Plaintiffs' counsel.

Q.      During January 2008, Plaintiffs began to draft a complaint against Amper for professional negligence that was to be filed in New York state court (the "Draft State Court Complaint").

R.      Plaintiffs, through their counsel, represent that they have, over the past almost two years, conducted a thorough investigation relating to the claims and the underlying events alleged in the TAC, including review and analysis of tens of thousands of pages of documents produced by Escala and obtained through public sources, and the analysis of the legal principles applicable to Plaintiffs' claims and the potential defenses thereto.

S.      Beginning in or about February 2008, Plaintiffs, the Individual Defendants and Amper, through their counsel, entered into settlement discussions with a view to achieving the

benefits set forth in this Stipulation and the corporate governance reforms incorporated by reference herein (the "Settlement"). These discussions, when first commenced, included reliance on retired California state court judge Daniel Weinstein, a mediator with JAMS, who, although not formally retained in connection with this Action, was acting as a mediator in connection with the Securities Class Action that arose from many of the same facts that gave rise to this Action. After multiple negotiating sessions over a period of weeks, the parties hereto reached the agreement referenced herein.

T.    Although Plaintiffs believe their claims have merit, they recognize the expense and length of continued proceedings necessary to prosecute such claims through trial and subsequent appeals. Plaintiffs' counsel also have taken into account the costs and risks inherent in proceeding further in this Action. Moreover, Defendants, without an agreement to resolve the Action, will continue to vigorously challenge the claims. The basis for federal jurisdiction over the Action was being appealed and the outcome of that appeal could be uncertain. Although Plaintiffs were preparing a state court complaint against Amper, their likelihood of prevailing in that action, had it been filed, is unknown. In addition, certain of the claims against the Individual Defendants have not yet been thoroughly tested on a motion to dismiss. Therefore, Plaintiffs and Plaintiffs' counsel believe that the Settlement, on the terms and conditions set forth herein, is reasonable, adequate and in the best interests of the Company and its shareholders.

U.    The Defendants and Amper have denied, and continue to deny, each and every allegation of liability and wrongdoing on their part and assert that the claims asserted against them in the Action are without merit and fail to state a cause of action; deny that they breached any duty, violated any law or engaged in wrongdoing of any form; and believe that they have strong factual and legal defenses to the claims alleged. Defendants and Amper have agreed to this Stipulation and the Settlement provided herein solely in order to fully and finally settle and

6

dispose of all claims that have been or could have been or could in the future be raised in the Action or in the Draft State Court Complaint and to avoid the continuing burden, expense, inconvenience and distraction of protracted litigation.

V.    Defendants acknowledge that the Settlement confers substantial benefits on Escala, that the Settlement is in the best interests of Escala and its shareholders, and that the Settlement is fair, reasonable and adequate to Escala and its shareholders.

NOW, THEREFORE, IT IS STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, as follows:

## I.    CERTAIN DEFINITIONS

To the extent not otherwise defined herein, as used in this Stipulation, the following terms have the meanings specified below:

1.    "Action" means the consolidated derivative action pending before the Court under the caption *In re Escala Group, Inc. Derivative Litigation*, Master File No. 06-cv-03902 (AKH), including, without limitation, all cases consolidated under that caption.

2.    "Court" means the United States District Court for the Southern District of New York.

3.    "Defendants" means Escala, the Individual Defendants, de Figueiredo and Miranda.

4.    "Effective Date" means the date that is five business days after the date on which all of the conditions to the Settlement, set forth in Section VI, are satisfied.

5.    "Escala Shareholder" means any Person with a beneficial interest in Escala common stock.

6.    "Execution Date" means the date that this Stipulation has been signed by all the signatories hereto through their counsel.

7.    "Final" means, with respect to any judgment or order, including but not limited to the Final Judgment, that such judgment or order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, a judgment or order becomes "Final" when: (a) the time within which to seek review, alteration, amendment or appeal of such judgment or order, including (if applicable) any three (3) day period for service by mail under Federal Rule of Civil Procedure 6(a) and (e) or any such service period applicable to an action in state court, has expired without any review, alteration, amendment or appeal having been sought or taken; or (b) if an appeal, petition for writ of certiorari, motion or other application for review, alteration or amendment is filed, sought or taken, the date as of which such appeal, petition, motion or other application shall have been finally determined in such a manner as to affirm the Court's original order in its entirety and the time, if any, for seeking further review has expired.

8.    "Final Settlement Approval Hearing" means the final hearing to be held by the Court to determine whether the proposed Settlement should be approved; whether all Released Claims should be dismissed with prejudice; and whether an order approving the Settlement should be entered thereon.

9.    "Individual Defendants" means Manning, Roberts, Segall, Herrero, Pérez, Rosenblum, da Cruz, Davin and Crawford.

10.    "Judgment" or "Final Judgment" means the judgment to be entered by the Court, substantially in the form of Exhibit C hereto.

11.    "Lead Counsel" means the law firm of Abraham Fruchter & Twersky LLP.

12.    "Parties" means Plaintiffs and Defendants.  The "parties hereto" or the "parties to this Stipulation" refers to all those Persons whose counsel have signed this Stipulation on their behalves.

13.    "Person" means any individual, corporation, partnership, association, affiliate, joint stock company, trust, estate, unincorporated association, government and any political subdivision thereof, and any other type of legal or political entity.

14.    "Released Claims" means any and all actions, suits, claims, debts, demands, rights, or causes of action or liabilities of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule, or regulation, whether foreign or domestic, including, without limitation, Unknown Claims and claims under Delaware statutory and/or common law, federal and/or state securities laws and claims under any law governing fiduciaries or the duties of fiduciaries, or for any remedy whether at equity or law, that were or could have been or could in the future be asserted against the Released Parties in the Action or the Draft State Court Complaint by Plaintiffs, by Escala, or by any Escala Shareholder (claiming in the right of, or on behalf of, the Company), or that arise out of or are related, directly or indirectly, in any way to any of the facts, allegations, transactions, events, occurrences, acts, disclosures, representations, statements, omissions, failures to act, or matters set forth, alleged, referred to, or that could have been asserted in the Action, in the Draft State Court Complaint, and/or in any other state or federal derivative actions against any of the Released Parties relating, in whole or in part, to the allegations in this Action, whether known or unknown, suspected or unsuspected, matured or not matured, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden by the Released Parties. Notwithstanding the foregoing, the Released Claims do not include any claims, counterclaims or

defenses asserted by or that could be asserted directly by Escala against Manning, or by Manning against Escala, in the arbitration proceeding styled *Manning v. Escala Group, Inc.*, Case No. 50 166 T 00336 07, now pending before the American Arbitration Association. All such claims, counterclaims and defenses are expressly preserved by Escala and Manning.

15.    "Released Parties" means Defendants and Amper and each of their immediate family members, heirs, executors, administrators, successors (including but not limited to Amper, Politziner & Mattia, LLP as successor to Amper), and assigns; Defendants' and Amper's present, former and future employees, insurers, officers, directors, partners, attorneys, legal representatives and agents; any person or entity in which any Defendant or Amper has or had a controlling interest; and the present, former and future parents, subsidiaries, divisions, affiliates, predecessors, successors, employees, officers, directors, partners, attorneys, assigns, and agents of all of the foregoing.

16.    "Securities Class Action" means the consolidated securities class action pending in this Court under the caption *In re Escala Group, Inc. Securities Litigation*, Master File No. 06 Civ. 3518 (AKH), including, without limitation, all cases consolidated under that caption.

17.    "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, which Plaintiffs, Escala, and any or every Escala Shareholder (claiming in the right of, or on behalf of, the Company) does not know or suspect to exist in his, her or its favor at or after the Execution Date and including, without limitation, those which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, Plaintiffs and Escala stipulate and agree that, upon the Effective Date, they shall expressly waive, and every Escala Shareholder shall be deemed to have waived, and by operation of the Final Judgment shall have

waived, any and all provisions, rights, and benefits conferred by any law of any state or territory

of the United States, or principle of common law, which is similar, comparable, or equivalent to

Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE
> RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
> MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
> DEBTOR.

Plaintiffs, Escala and/or any Escala Shareholder may hereafter discover facts in addition to or

different from those that any of them now know or believe to be true with respect to the subject

matter of the Released Claims, but Plaintiffs and Escala shall expressly have, and every Escala

Shareholder shall be deemed to have and by operation of the Judgment shall have, fully, finally,

and forever settled and released any and all Released Claims, known or unknown, suspected or

unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or

heretofore have existed upon any theory of law or equity now existing or coming into existence in

the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or

without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery

or existence of such different or additional facts.  Plaintiffs and Escala acknowledge, and every

Escala Shareholder by operation of the Judgment shall be deemed to have acknowledged, that the

waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of

Released Claims were separately bargained for and are key elements of the Settlement.

## II.    THE SETTLEMENT CONSIDERATION

1.    No later than five (5) business days after entry by the Court of the

Preliminary Approval Order (as defined below) with respect to the Settlement, the Individual

Defendants shall cause their insurance carrier(s) to pay $3.5 million to Escala, and Amper shall

cause its insurance carrier(s) to pay $2.0 million to Escala. These sums would not be paid but for the filing, prosecution and settlement of the Action.

        2.      Not later than thirty (30) days after the Settlement becomes Final, Escala's board of directors will adopt by resolution, or other means as appropriate, or will have already adopted or implemented, the corporate governance reforms set forth in Exhibit A hereto, and incorporated by reference herein.

## III.   PRELIMINARY APPROVAL ORDER; NOTICE ORDER; AND SETTLEMENT HEARING

        A.      The Parties shall submit this Stipulation together with its Exhibits to the Court, and the Parties shall apply for entry of an order (the "Preliminary Approval Order") substantially in the form and content of Exhibit B attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and final approval of forms of notice to be mailed to all Escala Shareholders who can be identified with reasonable effort (the "Mailed Notice") and to be published (the "Summary Notice"), substantially in the forms and contents of Exhibits B-1 and B-2 hereto, respectively. The Mailed Notice shall include the general terms of the Settlement set forth in the Stipulation.

        B.      The Parties shall request that, after the Mailed Notice and Summary Notice have been mailed and published, respectively, in accordance with this Stipulation, above, the Court hold the Final Settlement Approval Hearing and finally approve the Settlement of the Action.

        C.      Escala will be responsible for, and will cause to be paid, the costs of printing, publishing and mailing the Mailed Notice and the Summary Notice. Under no circumstances shall Plaintiffs or Amper be responsible for the costs of printing, mailing or publishing notice or any related expense.

IV.     **FINAL JUDGMENT APPROVING THE SETTLEMENT**

      A.      At the Final Settlement Approval Hearing, the Parties shall jointly request entry of the Final Judgment, substantially in the form attached hereto as Exhibit C.

V.      **ATTORNEYS' FEES AND EXPENSES**

      A.      Escala or the insurance carriers will pay Lead Counsel, or cause them to be paid, as follows:  No later than five (5) business days after the entry of the Final Judgment, (i) $925,000 in cash in exchange for the substantial benefits received as a result of the filing, prosecution and settlement of this Action; and (ii) reimbursement of expenses in an amount not to exceed $70,000.  These fees and expenses will be promptly deposited upon receipt by Lead Counsel into an interest-bearing escrow account.  Such fees and expenses, plus interest earned on the escrow account, shall be paid to Lead Counsel from the escrow account within five (5) business days after the Effective Date.  Neither the Individual Defendants nor Amper shall be responsible for the payment of any attorneys' fees or expenses.  Escala agrees that the attorneys' fees and expenses are fair and reasonable.

VI.     **CONDITIONS OF SETTLEMENT; EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

      A.      This Stipulation shall be subject to the following conditions and, except as provided herein, shall be canceled and terminated unless:

            1.      The Court enters the Preliminary Approval Order, as provided in Section III;

            2.      The Court has approved the Settlement as described herein, following distribution of the Mailed Notice and Summary Notice and a Final Settlement Approval Hearing, as prescribed by Rule 23.1 of the Federal Rules of Civil Procedure, and has entered the Judgment, as provided in Section IV;

3.    The Court shall have entered the Judgment, in all material respects in the form set forth in Exhibit C attached hereto, or an order and final judgment in a form that is not in all material respects identical to Exhibit C attached hereto (an "Alternative Judgment") if all the parties hereto agree to such Alternative Judgment;

4.    No order of the Court, or modification or reversal on appeal of any order of the Court, concerning the amount of attorneys' fees or expenses constitutes grounds for cancellation or termination of this Stipulation or the Settlement;

5.    The Judgment, or any Alternative Judgment, becomes Final; and

6.    Settlement in the Securities Class Action has become Final.  The parties hereto expressly recognize that Settlement pursuant to this Stipulation is expressly conditioned upon settlement in the Securities Class Action becoming Final.

B.    Upon the Effective Date, Plaintiffs, Escala and all current and former Escala Shareholders, on behalf of themselves, and their respective current, future and former heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from the Released Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting or asserting any Released Claim against any of the Released Parties.

C.    Upon the Effective Date, each of the Defendants and the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Plaintiffs and Plaintiffs' counsel from all claims that arise out of or in

14

connection with, or relate to their institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

D.    If all of the conditions specified in paragraph A of this Section are not met, then the Stipulation shall be canceled and terminated, unless Plaintiffs, Defendants and Amper each authorize their counsel to agree in writing to proceed with the Settlement.

E.    If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) the Settlement does not become Final for any reason, then any and all sums paid by the Individual Defendants' insurer(s) and Amper's insurer(s) to Escala pursuant to Section II hereof, and any amounts paid by Escala or the insurance carriers to Lead Counsel pursuant to Section V hereof, and all interest earned on such sums, shall be refunded by Escala to the Individual Defendants' insurer(s) and Amper's insurer(s) in the same proportion to the amounts contributed by each such Person pursuant to Section II hereof, and by Lead Counsel to Escala or the insurance carriers, respectively. All refunds described in the preceding sentence shall be made within ten (10) business days of such cancellation or termination.

F.    If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) the Settlement does not become Final for any reason, all of the parties to this Stipulation shall be deemed to have reverted to their respective status as of March 7, 2008, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action.  Notwithstanding the foregoing language, the following provisions of this Stipulation shall survive any termination or cancellation of the Settlement:  Section VI(D) ("Conditions of Settlement, Effect of Disapproval Cancellation or Termination"); Section VII ("No Admissions").

VII.    <u>NO ADMISSIONS</u>

A.    The parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and the Draft State Court Complaint and to compromise claims that are contested.  Entry into this Settlement shall not be deemed an admission by any party hereto as to the merits of any claim or defense or any allegation made in the Action.

B.    This Stipulation, offer of this Stipulation and compliance with this Stipulation shall not constitute or be construed as an admission by any Released Party of any wrongdoing or liability.  This Stipulation is to be construed solely as a reflection of the desire of the parties hereto to facilitate a resolution of the claims in the Action and of the Released Claims.  The parties hereto agree that no party was or is a "prevailing party" in this case.  In no event shall this Stipulation, any of its provisions, or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory or other proceeding, except a proceeding to enforce this Stipulation, and except that the Defendants or Amper or any of the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

VIII.    <u>MISCELLANEOUS PROVISIONS</u>

A.    The parties hereto: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise

their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

B.     All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

C.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

D.     This Stipulation may be amended or modified only by a written instrument signed by counsel for all parties to this Stipulation or their successors in interest.

E.     This Stipulation and the exhibits attached hereto constitute the entire agreement between Plaintiffs on the one hand, and the Defendants and Amper on the other hand, and supercede any and all prior agreements, written or oral, between such parties. No representations, warranties or inducements have been made concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

F.     This Stipulation may be executed in one or more original, photocopied or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts and a complete set of original executed counterparts shall be filed with the Court.

G.     This Stipulation shall be binding upon, and inure to the benefit of the successors, assigns, executors, administrators, affiliates (including parent companies), heirs and legal representatives of the parties hereto. No assignment shall relieve any party hereto of obligations hereunder.

H.    All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the laws of the State of New York without regard to its rules of conflicts of law and in accordance with the laws of the United States.

I.    Plaintiffs, Defendants and Amper hereby irrevocably submit to the jurisdiction of the Court with respect to enforcement of the terms of this Stipulation and for any suit, action, proceeding or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation.  Amper explicitly states that it does not consent to the jurisdiction of this Court for any other purpose related to the Action.

J.    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of them, it being recognized that this Stipulation is the result of arm's-length negotiations between the parties hereto and that all of them have contributed substantially and materially to its preparation.

K.    Except as otherwise provided herein, each party shall bear its own fees and costs.

L.    The headings herein are used for the purpose of convenience and are not intended to have legal effect.

M.    The parties to this Stipulation and related agreements intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Plaintiffs against the Released Parties with respect to the Released Claims.  Accordingly, Plaintiffs, Defendants and Amper agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendants or Amper in bad faith or without a reasonable basis.  The parties to this Stipulation agree that the Settlement was negotiated at arms-length in good faith by the parties, and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

ABRAHAM FRUCHTER & TWERSKY LLP

By:

Jack G. Fruchter (JF-8435)
Lawrence D. Levit (LL-9507)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel:    (212) 279-5050

*Lead Counsel for Plaintiffs*


**ROBBINS UMEDA & FINK, LLP**

By:_____

Marc M. Umeda
610 West Ash Street, Suite 1800
San Diego, CA 92101
Tel:    (619) 525-3990

*Counsel for Plaintiffs*


**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: _____
Arthur H. Aufses III
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-9100

*Attorneys for Nominal Defendant Escala Group, Inc.*

19

**ABRAHAM FRUCHTER & TWERSKY LLP**

By:_____

Jack G. Fruchter (JF-8435)
Lawrence D. Levit (LL-9507)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel:     (212) 279-5050

*Lead Counsel for Plaintiffs*


**ROBBINS UMEDA & FINK, LLP**

By:_____

Marc M. Umeda
610 West Ash Street, Suite 1800
San Diego, CA 92101
Tel:     (619) 525-3990

*Counsel for Plaintiffs*


**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: _____
Arthur H. Aufses III
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-9100

*Attorneys for Nominal Defendant Escala Group, Inc.*

**ABRAHAM FRUCHTER & TWERSKY LLP**

By:_____

Jack G. Fruchter (JF-8435)
Lawrence D. Levit (LL-9507)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel:    (212) 279-5050

*Lead Counsel for Plaintiffs*

**ROBBINS UMEDA & FINK, LLP**

By:_____

Marc M. Umeda
610 West Ash Street, Suite 1800
San Diego, CA 92101
Tel:    (619) 525-3990

*Counsel for Plaintiffs*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: _____
Arthur H. Aufses III
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-9100

*Attorneys for Nominal Defendant Escala Group, Inc.*

19

**LOVELLS LLP**

By: _____

Scott W. Reynolds (SR-8457)
590 Madison Avenue
New York, New York 10022
Tel: (212) 909-0600

*Attorneys for Defendants Larry Crawford,*
*Antonio Martins da Cruz, Esteban Perez, Jose*
*Miguel Herrero, Greg Roberts, Scott S.*
*Rosenblum, Mark Segall, James Davin and*
*Rafael del Valle Iturriaga Miranda*

**GOODWIN PROCTER LLP**

By: _____
Stephen D. Poss
Exchange Place
Boston, Massachusetts 02109
Tel: (617) 570-1000

*Attorneys for Amper, Politziner & Mattia, P.C.*

**HOFFMAN & POLLOK LLP**

By: _____

William A. Rome
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel:  (212) 679-2900

*Attorneys for Defendant Greg Manning*

20

LOVELLS LLP

By: _____

Scott W. Reynolds (SR-8457)
590 Madison Avenue
New York, New York 10022
Tel: (212) 909-0600

*Attorneys for Defendants Larry Crawford, Antonio Martins da Cruz, Esteban Perez, Jose Miguel Herrero, Greg Roberts, Scott S. Rosenblum, Mark Segall, James Davin and Rafael del Valle Iturriaga Miranda*

GOODWIN PROCTER LLP

By: _____
Stephen D. Poss
Exchange Place
Boston, Massachusetts 02109
Tel: (617) 570-1000

*Attorneys for Amper, Politziner & Mattia, P.C.*

HOFFMAN & POLLOK LLP

By: _____

William A. Rome
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel: (212) 679-2900

*Attorneys for Defendant Greg Manning*

20

LOVELLS LLP

By: _____

Scott W. Reynolds (SR-8457)
590 Madison Avenue
New York, New York 10022
Tel: (212) 909-0600

*Attorneys for Defendants Larry Crawford,
Antonio Martins da Cruz, Esteban Perez, Jose
Miguel Herrero, Greg Roberts, Scott S.
Rosenblum, Mark Segall, James Davin and
Rafael del Valle Iturriaga Miranda*


GOODWIN PROCTER LLP

By: _____
Stephen D. Poss
Exchange Place
Boston, Massachusetts 02109
Tel: (617) 570-1000

*Attorneys for Amper, Politziner & Mattia, P.C.*

HOFFMAN & POLLOK LLP

By: William A. Rome /ZR


William A. Rome
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel: (212) 679-2900


*Attorneys for Defendant Greg Manning*

20