# EXHIBIT B

Jack G. Fruchter (JF-8435)
Lawrence D. Levit (LL-9507)
**ABRAHAM FRUCHTER & TWERSKY LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

**Lead Counsel for Plaintiffs**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ESCALA GROUP, INC. DERIVATIVE LITIGATION | Lead Civil Action No. 1:06-cv-03902-AKH |
| | (Derivative Action) |
| This Document Relates To: | ECF Case |
| ALL ACTIONS | |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS the above-captioned shareholder derivative action is pending before this Court, and

WHEREAS Plaintiffs, Escala, Amper, and certain Defendants (the "Settling Parties") have applied to the Court, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for preliminary approval of the proposed settlement (the "Settlement") and dismissal with prejudice of this action, as set forth in the Stipulation of Settlement entered into as of _____, 2008 by the Settling Parties (the "Stipulation"); and the Court having considered the Stipulation, the exhibits attached thereto, and all other papers filed and proceedings had herein and otherwise being fully advised in the premises and good cause appearing therefore, IT IS HEREBY ORDERED:

1.      This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      The Court preliminarily approves the Stipulation, including the releases contained therein, and the proposed Settlement as being fair, reasonable, adequate, and in the best interests of Escala and its shareholders.

3.      In connection with preliminary approval of the proposed Settlement, the Court preliminarily finds, for purposes of the Settlement, that the Action was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as a shareholder derivative action on behalf of Escala, and that Plaintiffs fairly and adequately represent the interests of Escala shareholders in enforcing the rights of Escala.

4.      The Court will hold a settlement hearing on _____, 2008 at \_\_\_\_.m. in Courtroom 14D, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007 (the "Settlement Hearing"): (i) to determine, pursuant to Federal Rule of Civil Procedure 23.1, whether to grant final approval of the proposed Settlement as fair, reasonable and adequate and in the best interests of Escala and Escala shareholders; (ii) to hear and determine any objections to the Settlement; (iii) to determine whether a Final Judgment substantially in the form attached as Exhibit \_\_ to the Stipulation should be entered dismissing all claims in the Third Amended Complaint against the Released Parties with prejudice and releasing the Released Claims; (iv) to consider the payment to Plaintiffs' Counsel of attorneys' fees and for the reimbursement of expenses; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

5.      _____ is appointed the Notice Administrator in this matter.

6.      Notice of the proposed Settlement, including the date and time of the Settlement Hearing (the "Mailed Notice"), shall be provided by first class mail to Escala shareholders who hold or beneficially own Escala common stock as of _____, within 10 calendar days

2

following the entry of this Order, which Mailed Notice shall be substantially in the form of the Notice attached as Exhibit B-1 to the Stipulation.

7. Nominees who hold Escala common stock and receive the Mailed Notice shall send the Mailed Notice to all beneficial holders of Escala common stock within ten (10) days after receipt thereof, or shall send a list of names and addresses of such beneficial holders to the Notice Administrator, as set forth in the Mailed Notice. Nominees may apply for, and shall be reimbursed for their actual, out-of-pocket expenses incurred in identifying and notifying beneficial holders in accordance with the provisions of the Mailed Notice.

8. A summary notice, substantially in the form of the Summary Notice attached as Exhibit B-2 to the Stipulation ("Summary Notice") shall be published in _____ not later than twenty (20) days following the entry of this Order.

9. At or prior to the Settlement Hearing, counsel for Escala shall file proof by affidavit of the dissemination of the Mailed Notice and publication of the Summary Notice as set forth herein. Escala shall be responsible for paying all costs in connection with the printing and distribution of the Mailed Notice, the publication of the Summary Notice, and all administrative matters relating to the Settlement process pursuant to the Stipulation. Neither Plaintiffs nor Amper shall be responsible for any such expenses.

10. The court approves, as to form and content, the Mailed Notice and the Summary Notice, to be disseminated in accordance with the provisions of paragraphs 6 and 8 above, and such notices are hereby found to be reasonable and sufficient under the circumstances, and to comply with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process of the United States Constitution, and to constitute due and sufficient notice to all persons affected by the proposed Settlement or entitled to participate in the Settlement Hearing regarding the claims brought in the Action.

11. The Court will consider objections to the proposed Settlement at the Settlement Hearing, but only if such objections, and any supporting papers, are filed with the Clerk of the Court, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New

3

York 10007, not later than twenty (20) days prior to the Settlement Hearing, and, by the same date, copies of all such papers are also received by each of the following persons:

**Plaintiffs' Lead Counsel:**

Lawrence D. Levit, Esq.
ABRAHAM FRUCHTER & TWERSKY LLP
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050

**Counsel for Escala:**

Arthur H. Aufses III, Esq.
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100

**Counsel for Larry Crawford, Antonio Martins da Cruz, Esteban Perez, Jose Miguel Herrero, Greg Roberts, Scott S. Rosenblum, Mark Segall and James Davin:**

Scott W. Reynolds, Esq.
LOVELLS LLP
590 Madison Avenue
New York, New York 10022
Tel: (212) 909-0600

**Counsel for Amper, Politziner & Mattia, P.C.:**

Stephen D. Poss, Esq.
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
Tel: (617) 570-1000

**Counsel for Greg Manning:**

William A. Rome, Esq.
HOFFMAN AND POLLOK LLP
260 Madison Avenue, 22nd Floor

4

New York, New York 10016
Tel: (212) 679-2900

Written objections must provide a detailed statement of the objector's specific objections to any matter before the Court and all the grounds therefor, and must include all documents such person wishes the Court to consider, as well as a statement specifying the objector's name, address, telephone number, how many shares of Escala common stock the objector owned as of _____, 2008, when the objector purchased or otherwise acquired such shares, and whether the objector still owns any such Escala shares.

12. Any Escala shareholder may appear at the Settlement Hearing, in person or by counsel, and show cause, if any: why the proposed Settlement of the claims in the Action should not be approved as fair, reasonable, adequate and in the best interests of Escala and its shareholders; why attorneys' fees should not be awarded and expenses reimbursed in the amount provided for in the Settlement; or why the Final Judgment should not be entered, provided, however, that no such Person shall be heard or be entitled to be heard unless that person has delivered by hand or sent by pre-paid first class mail or by a reputable overnight mail carrier written objections, and the basis thereof, and copies of any papers or briefs in support thereof such that such materials are received by each of the persons listed in paragraph 11 above no later than twenty (20) days prior to the Settlement Hearing date set forth in paragraph 4 above. The originals of such objections, papers and briefs shall simultaneously be filed with the Clerk of the Court, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. Any such materials must include the following: (i) a notice of intention to appear; (ii) a statement specifying that Person's name, address, telephone number, how many shares of Escala common stock such Person owned as of _____, 2008, when such Person purchased or otherwise acquired such shares and whether such Person still owns any such shares; (iii) a statement of such Person's position with respect to the Settlement, an explanation of any objections and the basis therefore, as well as the reasons such Person desires to appear and be heard; and (iv) all documents and writings which such Person desires the Court to consider, and

5

the names of all witnesses, if any, that such Person desires to present at the hearing along with a statement of the matters on which such witnesses will testify and a summary of their proposed testimony.

13. Any Escala shareholder who fails to object in the manner described in paragraphs 11 or 12 above shall be deemed to have waived his or her objection and shall be barred from raising such objection in this or any other action or proceeding.

14. The Court reserves the right to approve the Stipulation and the Settlement with modifications agreed to by the Settling Parties and without further notice to any Escala shareholders. The Court further reserves the right to adjourn the date of the Settlement Hearing without further notice to Escala shareholders, and retains jurisdiction to consider all further matters related to the Action or the Settlement.

15. All papers in support of the Settlement shall be filed at least thirty (30) days prior to the Settlement Hearing. Responses to objections, if any, shall be filed at or prior to the Settlement Hearing.

16. Pending final determination of whether the Settlement and Stipulation should be approved, all proceedings in this Action, other than proceedings necessary to carry out the terms and conditions of the Settlement, are stayed, and the Plaintiffs and/or every Escala shareholder, or any of them, and anyone who purports to act on any of their behalf, are barred and enjoined from (a) commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties, whether directly, derivatively, representatively, or in any other capacity, and regardless of whether any such shareholder has appeared in the Action; or (b) challenging the Settlement other than in this Action in accordance with the procedures established by the Court.

17 Neither the Stipulation, nor the exhibits thereto, nor any negotiations or actions taken to carry out the Stipulation, nor any statements or court proceedings relating to its provisions in any way may be construed as, or may be used as, an admission by or against any Released Parties, or any of them, of any fault, wrongdoing or liability whatsoever, nor may any

6

of the foregoing be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory or other proceeding, except a proceeding to enforce this Stipulation, and except that the Defendants or Amper or any of the Released Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.  If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Preliminary Order shall be rendered null and void, of no further force or effect, and shall be vacated nunc pro tunc, and the provisions of Sections VI(E) and VI(F) of the Stipulation shall apply.

Dated: _____, 2008

New York, New York

SO ORDERED.

                                                            _____
                                                            Hon. Alvin K. Hellerstein
                                                            United States District Court